**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                        No. CR 10-1297 JB

PABLO CASAS-ANTUNA,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed August 2, 2010 (Doc. 20). The Court held a sentencing hearing on August 24, 2010. The primary issues are: (I) whether the Court should grant Defendant Pablo Casas-Antuna's request for a downward departure; and (ii) whether the Court should vary from the advisory guideline range. For the reasons stated on the record and for further reasons consistent with those already stated, the Court will deny the request for a downward departure, grant Defendant Pablo Casas-Antuna's request for a variance, and sentence him to 151 days or time served.

       Casas-Antuna pled guilty to unlawfully reentering the United States after having been previously deported to Mexico. The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Casas-Antuna on July 1, 2010. In the PSR, the USPO calculated Casas-Antuna's offense level at 10 and his criminal history category at II, establishing a guideline imprisonment range of 8 to 14 months. Casas-Antuna requests a downward departure pursuant to U.S.S.G. § 5K2.12, which permits a court to depart downward if the defendant committed the offense because of serious coercion or duress; pursuant to U.S.S.G. § 5K2.11, which allows for a departure if the defendant committed a crime to avoid a perceived greater harm; and

pursuant to U.S.S.G. § 5K2.0, which allows the court to consider other circumstances. After careful consideration of the circumstances in the case, the Court concludes that a downward departure is not appropriate. Although the sentencing guidelines authorize departures on these bases under certain circumstances, the Court currently has many defendants who are facing problems with the violence in areas of Mexico, and the Court cannot distinguish Casas-Antuna's case from the heartland of cases involving defendants illegally entering the United States, many of whom are coming to the United States because of the violence in Mexico. The Court denies Casas-Antuna's requests for a downward departure.

The Court has considered the USPO's guideline calculations in the PSR, and after denying the request for a downward departure, the Court adopts those calculations as its own. The offense level is 10 and the criminal history category is II, which establishes a guideline imprisonment range of 8 to 14 months. Casas-Antuna also requests a variance to a sentence within the range of 4 to 10 months, which treats him as having an offense level of 8, rather than an offense level of 10. The Court has carefully considered the guidelines and has considered other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. After careful consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court finds that the punishment set forth in the guidelines is not appropriate for this offense. While the Court does not believe that Casas-Antuna's circumstances justify a downward departure within the guidelines, the Court believes a variance is appropriate. Given the age of Casas-Antuna's fourteen-year-old drug-possession conviction, the Court believes the 4-level increase to his offense level is too high. The Court thinks that a sentence that is more in the nature of a 2-level enhancement, rather than the 4-level enhancement, more appropriately reflects the seriousness of the conviction. An offense level of 8 and a criminal history

category of II would produce a guideline imprisonment range of 4 to 10 months.  Considering

Casas-Antuna's health -- he collapsed during a previous appearance in court and has been vomiting

blood -- and considering that the United States Marshals and Casas-Antuna's family have not been

able to do anything to improve his situation, the Court finds that there is no sound reason to keep

Casas-Antuna in custody without addressing his medical condition; it seems best to release him so

that he can see if he can get better healthcare at home.  The Court, therefore, believes that

Casas-Antuna proposes a reasonable sentencing range and thus the Court will sentence him to time

served -- 151 days or approximately 5 months.  A sentence of 151 days or time served reflects the

seriousness of the offense and is sufficient to promote respect for the law.  The Court does not

believe incarcerating Casas-Antuna for additional time will provide more deterrence than he has

already received during his 151 days of incarceration.  The Court also believes that Casas-Antuna's

failing health counsels in favor of a variance.  He does not pose a threat of violence to the public,

so the sentence need not put undue weight on that factor.  The sentence otherwise fully reflects

each of the factors set forth in 18 U.S.C. § 3553(a).  While the Court's task, as a district

court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the

factors in 18 U.S.C. § 3553(a), see United States v. Martinez-Barragan, 545 F.3d 894, 904-05

(10th Cir. 2008)("A sentence is substantively reasonable when the length of the sentence reflects

the gravity of the crime and the § 3553(a) factors as applied to the case.") --  this sentence is more

reasonable than one within the guidelines.  Finally, the Court believes a sentence of time served is

sufficient without being greater than necessary to comply with the purposes of punishment set forth

in the Sentencing Reform Act.

**IT IS ORDERED** that Defendant Pablo Casas-Antuna's requests in his Sentencing

Memorandum are granted in part and denied in part.  Casas-Antuna's requests for a downward

departure are denied, and his request for a variance is granted.  The Court sentences Defendant Pablo

Casas-Antuna to a term of 151 days or time served.


_____
UNITED STATES DISTRICT JUDGE


*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Linda Mott
  Assistant United States Attorney
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*


Kari Converse
Assistant Federal Public Defender
Albuquerque, New Mexico

        *Attorney for the Defendant*