# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| V. | |
| **Pablo Casas-Antuna** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **2:10CR01297-001JB** |
| | USM Number: **55541-051** |
| | Defense Attorney: **Kari Converse, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 8 U.S.C. Sec. 1326(a)/(b) | Re-entry of a Removed Alien | 03/23/2010 | |

The defendant is sentenced as specified in pages 2 through **4** of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | **August 24, 2010** |
|---|---|
| County of Residence | Date of Imposition of Judgment |
| | |
| | **/s/ James O. Browning** |
| | Signature of Judge |
| | |
| | **Honorable James O. Browning** |
| | **United States District Judge** |
| | Name and Title of Judge |
| | |
| | **August 30, 2010** |
| | Date Signed |

Defendant: **Pablo Casas-Antuna**
Case Number: **2:10CR01297-001JB**

# IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **151 days or time served, whichever is less** .

**The Court recommends that Immigration and Customs Enforcement begin immediate removal proceedings.**

**Pursuant to Section 5D1.1(a), the Court will not impose a term of supervised release.**

**The Court incorporates its Memorandum Opinion and Order in United States v. Casas-Antuna, CR 10-1297 (D.N.M.), filed August 30, 2010 (Doc. 23). Casas-Antuna`s offense level is 10 and the criminal history category is II, which establishes a guideline imprisonment range of 8 to 14 months. Casas-Antuna also requests a variance to a sentence within the range of 4 to 10 months, which treats him as having an offense level of 8, rather than an offense level of 10. The Court has carefully considered the guidelines and has considered other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. After careful consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court finds that the punishment set forth in the guidelines is not appropriate for this offense. While the Court does not believe that Casas-Antuna`s circumstances justify a downward departure within the guidelines, the Court believes a variance is appropriate. Given the age of Casas-Antuna`s fourteen-year-old drug-possession conviction, the Court believes the 4-level increase to his offense level is too high. The Court thinks that a sentence that is more in the nature of a 2-level enhancement, rather than the 4-level enhancement more appropriately reflects the seriousness of the conviction. An offense level of 8 and a criminal history category of II would produce a guideline imprisonment range of 4 to 10 months. Considering Casas-Antuna`s health -- he collapsed during a previous appearance in court and has been vomiting blood -- and considering that the United States Marshals and Casas-Antuna`s family have not been able to do anything to improve his situation, the Court finds that there is no sound reason to keep Casas-Antuna in custody without addressing his medical condition; it seems best to release him so that he can see if he can get better healthcare at home. The Court, therefore, believes that Casas-Antuna proposes a reasonable sentencing range and thus the Court will sentence him to time served -- 151 days or approximately 5 months. A sentence of 151 days or time served reflects the seriousness of the offense and is sufficient to promote respect for the law. The Court does not believe incarcerating Casas-Antuna for additional time will provide more deterrence than he has already received during his 151 days of incarceration. The Court also believes that Casas-Antuna`s failing health counsels in favor of a variance. He does not pose a threat of violence to the public, so the sentence need not put undue weight on that factor. The sentence otherwise fully reflects each of the factors set forth in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Martinez-Barragan, 545 F.3d 894, 904-05 (10th Cir. 2008)("A sentence is substantively reasonable when the length of the sentence reflects the gravity of the crime and the § 3553(a) factors as applied to the case.") -- this sentence is more reasonable than one within the guidelines. Finally, the Court believes a sentence of time served is sufficient without being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act.**

☐   The court makes these recommendations to the Bureau of Prisons:

☒   The defendant is remanded to the custody of the United States Marshal.
☐   The defendant must surrender to the United States Marshal for this district:
    ☐   at  on
    ☐   as notified by the United States Marshal.
☐   The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐   before 2 p.m. on
    ☐   as notified by the United States Marshal
    ☐   as notified by the Probation or Pretrial Service Office.

# RETURN

I have executed this judgment by:

Defendant delivered on _____ to _____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
Deputy United States Marshal

Case 2:10-cr-01297-JB   Document 24   Filed 08/30/10   Page 3 of 4

Defendant: **Pablo Casas-Antuna**
Case Number: **2:10CR01297-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.

☒ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | **$waived** | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A ☐ In full immediately; or
B ☐ $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.